UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MONA J., | |
| Plaintiff, | Case No. C20-5190-MLP |
| v. | ORDER |
| COMMISIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing two medical opinions. (Dkt. # 17 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

Plaintiff was born in 1966, has a high school diploma, and previously worked as a parent advocate and employment training program manager. AR at 315, 319. Plaintiff was last gainfully employed in 2009. *Id.* at 319.

ORDER - 1

In October 2016, Plaintiff applied for benefits, alleging disability as of March 1, 2009.[1] AR at 260-69. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 181-96, 197-206. After the ALJ conducted a hearing in September 2018 (*id*. at 34-83), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 16-28.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.

Step two: Plaintiff has the following severe impairments: lumbar spine degenerative disc disease and degenerative joint disease with status post right L4-L5 laminectomy surgery, and fibromyalgia.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity ("RFC"): Plaintiff can perform light work with additional limitations: she can occasionally crawl and/or climb ladders, ropes, or scaffolds. She can have occasional exposure to vibration and/or extreme cold temperatures.

Step four: Plaintiff can perform past relevant work.

AR at 16-28.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

---

[1] Plaintiff amended her alleged onset date to October 6, 2016, at the administrative hearing. AR at 16.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

Plaintiff argues that the ALJ erred in assessing medical opinions written by consultative examiners James Parker, M.D., and Gary Gaffield, D.O. If an ALJ's RFC assessment conflicts with a medical opinion, the ALJ must explain why the medical opinion was rejected. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996). If an ALJ intends to reject a contradicted opinion written by a treating or examining physician, the ALJ must provide specific, legitimate reasons to do so. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

The Court will address each disputed opinion in turn.

**A.     Any Error with Respect to Dr. Gaffield's Opinion is Harmless**

Dr. Gaffield examined Plaintiff in February 2017 and wrote a narrative report describing

Plaintiff's physical symptoms and limitations. AR at 734-40. Dr. Gaffield opined that, *inter alia*, Plaintiff could stand/walk for no more than two hours out of an eight-hour workday. *Id.* at 740. The ALJ discounted this part of Dr. Gaffield's opinion because the record showed that Plaintiff did not require a walker in order to walk. *Id.* at 25. Plaintiff argues that these reasons are not specific and legitimate. (Dkt. # 17 at 4-5.)

The Commissioner contends that even if the ALJ failed to provide legally sufficient reasons to discount Dr. Gaffield's opinion, the error is harmless in light of the ALJ's step-four finding that Plaintiff could perform her past sedentary job. (Dkt. # 18 at 4-5 (referencing AR at 27-28).) Thus, because the ALJ's step-four finding is consistent with Dr. Gaffield's opinion, the Commissioner argues that any error in the ALJ's reasoning with respect to Dr. Gaffield's opinion did not affect the ALJ's ultimate disability determination. (Dkt. # 18 at 4-5.)

On reply, Plaintiff argues that the ALJ's step-four findings cannot render harmless the error with respect to Dr. Gaffield's opinion because Plaintiff would be found disabled under the Medical-Vocational Guidelines ("the Grids") if she had been limited to sedentary work. (Dkt. # 19 at 3-4.) But the Grids are not implicated in this case because the ALJ found Plaintiff capable of performing her past relevant work at step four and thus did not continue on to consider the Grids at step five. *See* AR at 27-28; 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). Thus, the Court agrees with the Commissioner that any error with respect to Dr. Gaffield's opinion is harmless because the ALJ's step-four findings are consistent with Dr. Gaffield's opinion as to Plaintiff's ability to stand/walk.

**B.     The ALJ's Error with Respect to Dr. Parker's Opinion is Not Harmless**

Plaintiff was examined by James Parker, M.D., in June 2017, and Dr. Parker opined that, *inter alia*, Plaintiff "can do simple tasks. There were some lapses of concentration when trying to

1  spell a word backward." AR at 784. The ALJ discounted another portion of Dr. Parker's opinion
2  addressing Plaintiff's susceptibility to stress, but purported to give great weight to the remainder
3  of Dr. Parker's opinion. *Id.* at 26.
4  　　　Plaintiff does not challenge the ALJ's rejection of Dr. Parker's opinion related to stress,
5  but argues that the ALJ erred in purporting to credit Dr. Parker's opinion that Plaintiff could do
6  simple work and yet failing to limit her to simple work in the RFC assessment. (Dkt. # 17 at 2-3.)
7  The Commissioner argues that Dr. Parker opined that Plaintiff could do simple work, but not that
8  she was limited to simple work, and thus the ALJ's RFC assessment is consistent with Dr.
9  Parker's opinion. (Dkt. # 18 at 2-3.)
10 　　　This is not a reasonable reading of Dr. Parker's opinion: as a consultative examiner, Dr.
11 Parker wrote his report in order to inform the Commissioner what Plaintiff can still do despite
12 her impairments, which is relevant to the ALJ's RFC determination. *See, e.g.*, Program
13 Operations Manual System DI 22510.015 at B.1, *available at* https://secure.ssa.gov/apps10/
14 poms.nsf/lnx/0422510015 (last accessed Oct. 21, 2020) (defining a complete consultative
15 examination report to include an opinion "about what the claimant can still do despite his or her
16 impairment(s)"); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (RFC "is the most you can still do
17 despite your limitations."). In light of the purposes for which Dr. Parker wrote his opinion, it is
18 not reasonable to read his opinion as describing the least (rather than the most) Plaintiff could do.
19 　　　The Commissioner also argues in the alternative that even if Dr. Parker's opinion is
20 inconsistent with the ALJ's RFC assessment, the ALJ's error in failing to fully account for Dr.
21 Parker's opinion is harmless in light of the ALJ's findings at step two and Plaintiff's own
22 testimony that she did not have any mental limitations precluding her from performing her past
23 work. (Dkt. # 18 at 3-4.) The ALJ's findings at step two do not resolve this issue, however,

because the ALJ found that Plaintiff had a medically determinable mental impairment. *See* AR at 20-21. Although the ALJ found that this impairment was not severe, and found that the impairment caused no more than mild limitations in the "paragraph B" criteria (*id*.), the ALJ was nonetheless required to consider any limitations caused by Plaintiff's mental impairment when assessing Plaintiff's RFC, and Dr. Parker's opinion details limitations caused by that impairment. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e). Thus, the ALJ's step-two findings do not establish the harmlessness of the ALJ's failure to account for Dr. Parker's opinion as to simple work.

The Commissioner also argues that in light of Plaintiff's testimony that her barriers to returning to her former job were physical rather than mental, the ALJ's RFC assessment is supported by substantial evidence. (Dkt. # 18 at 4.) Nonetheless, the ALJ was required to provide specific, legitimate reasons to discount Dr. Parker's opinion, and the ALJ provided no explanation as to why he failed to incorporate Dr. Parker's finding as to Plaintiff's ability to do simple work. Even if the Court could concoct legally valid reasons to discount that part of Dr. Parker's opinion, the Court must restrain itself to review only the ALJ's decision. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (holding that the Court "may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless").

Because the ALJ's failure to account for Dr. Parker's opinion regarding Plaintiff's ability to perform simple work is not harmless, this case must be remanded to allow the ALJ to reconsider that portion of Dr. Parker's opinion.

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C.

ORDER - 6

§ 405(g). On remand, the ALJ should reconsider Dr. Parker's opinion regarding Plaintiff's ability to perform simple work and either credit it or provide legally sufficient reasons to discount it.

Dated this 21st day of October, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7